**COLONIE HILL, LTD., Plaintiff,**

v.

**LOCAL 164, BARTENDERS, HOTEL
AND RESTAURANT EMPLOYEES
UNION, et al., Defendants.**

No. 72 C 362.

United States District Court,
E. D. New York.

June 2, 1972.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for plaintiff; by Steven J. Stein, New York City, of counsel.

Pinto, Stein & Mozer, New York City, for defendants; by Robert Mozer, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The plaintiff, Colonie Hill, Ltd., moves for an order against the defendant union, Local 164, et al., preliminarily enjoining the arbitration proceeding demanded by it, pursuant to an alleged collective bargaining agreement entered into between the parties on the 23rd day of July 1971.

Carl Hoppl and his wife were the sole owners of the stock of a corporation known as Sun Valley Golf and Athletic Club, Inc., now known as Colonie Hill, Ltd. Thereafter, during March 1971, Andrew DeLillo purchased a 50% share of the corporation and in addition became an officer and director of said corporation. The corporate name was then changed to Colonie Hill, Ltd. and, pursuant to agreement, Carl Hoppl was named President and Chief Executive Officer. During the summer months of June, July and August promotional type parties were held by the plaintiff. The employees necessary to cater these parties were hired by Carl Hoppl from his other restaurant facilities, located on Long Island, who were members of the defendant union. These employees also signed designation cards for the defendant union, Local 164. The general organizer, Frank Pries, by letter dated June 18, 1971 notified Carl Hoppl, President of Sun Valley Golf and Athletic Club, Inc. that Local 164 represented a majority of the employees and to work out a method to obtain recognition as bargaining agent. There were approximately eight employees who signed these designation cards, although at present, the plaintiff employs in excess of one hundred employees. Mr. Hoppl on July 23, 1971 executed the collective bargaining agreement between the parties. Thereafter during August 1971, Carl Hoppl sold his interest to Mr. DeLillo who thereupon became the sole stockholder in Colonie Hill, Ltd. On February 26, 1972, Colonie Hill, Ltd. catered a pre-opening party for the construction people and the employees were supplied by Local 100 of the Service Employees International Union. Local 100 claimed to be agent for the plaintiff's employees and as such requested recognition. A contract was so executed. Presently, both unions claim to represent the employees of the plaintiff.

There are presently pending before the National Labor Relations Board un-

fair labor charges filed by Local 100 against Local 164, Local 164 against Local 100, and Local 164 against Colonie Hill, Ltd.

The position of the plaintiff is that the agreement of July 23, 1971 is an unlawful pre-hire agreement because only a mere handful of employees signed designating cards which does not establish that a majority designated Local 164; Hoppl was the only person who knew of the agreement with Local 164 since he executed the contract; Colonie Hill, Ltd. did not open for business until February 1972 and did not employ anyone up to that time who could be represented by Local 164; the persons who worked at the pre-opening parties were employees of Hoppl taken from his other entities and finally that Hoppl agreed prior, to make sure that Colonie Hill, Ltd. would be a 164 house as evidenced in his oral deposition.

The defendant union contends that at the time the contract was executed, Hoppl was a responsible officer of the plaintiff, in charge of the help and fully authorized to bind the corporation as such to a collective bargaining contract.

█ It is well settled that to compel arbitration there must exist a valid and binding collective bargaining agreement between the parties.

In United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, at page 582, 80 S.Ct. 1343, at page 1353, 4 L.Ed.2d 1403, the Court held, in part:

> "The Congress, however, has by § 301 of the Labor Management Relations Act, assigned the courts the duty of determining whether the reluctant party has breached his promise to arbitrate. For arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."

█ The defendant union has cited authority which states valid propositions of law. However, in all those cases, the courts were confronted with a binding collective bargaining contract. Here, the main issue to be determined is whether or not a valid contract exists between the parties to compel arbitration. Proctor & Gamble Independent Union of Port Ivory, N.Y. v. Proctor & Gamble Manufacturing Company, 312 F.2d 181 (2d Cir., 1962).

The defendant union argues that this court lacks jurisdiction in this matter insofar as it relates to an unfair labor practice which is subject to the exclusive jurisdiction of the National Labor Relations Board. San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775.

In McLeod for and on behalf of N. L. R. B. v. American Federation of Television and Radio Artists, New York Local, 234 F.Supp. 832 (S.D.N.Y.) the Court after reviewing the preemption doctrine, held, in part, at page 840:

> "Indeed, the Supreme Court itself, envisioning possible future difficulties, left the door open to the application of different rules in a proper case when it prophetically stated:
>
> 'If * * * there are situations in which serious problems will arise from both the courts [or arbitrator] and the Board having jurisdiction over acts which amount to an unfair labor practice, we shall face those cases when they arise.' Smith v. Evening News Ass'n, 371 U.S. 195, 197–198, 83 S.Ct. 267, 269, 9 L.Ed.2d 246 (1962)."

The Court further held, in part, at page 841:

> "However, in the case at bar we do not have the usual situation of concurrent spheres of jurisdiction. We are not confronted with an allegation that certain conduct may be an unfair labor practice, but rather that the clause itself, whose breach is the basis of the arbitration, as it stands is, in and of itself an unfair labor practice under Section 8(e).
>
> "If the Board finds the clause to be violative of Section 8(e), it is unenforcible and void. If it is unenforc-

ible and void, it should not and cannot form the foundation for any arbitration award, irrespective of the holding of the arbitrator, and the mere submission of the controversy to arbitration would compound the statutory violation. In other words, if the clause is void and unenforcible it was void and unenforcible as of the time of its insertion into the contract and, ipso facto, cannot be the basis of any breach of the collective bargaining agreement." Cases cited.

The Court is mindful of the principles of law and of the Congressional policy favoring enforcement of agreements to arbitrate grievance disputes. Here, the present action is to stay arbitration pending the decision of the Board to determine the validity or the invalidity of the agreement in dispute.

This case is one to which reference was made in Smith v. Evening News Ass'n (supra) when the Court held, in part, 371 U.S. at page 197, 83 S.Ct. at page 269:

"The authority of the Board to deal with an unfair labor practice which also violates a collective bargaining contract is not displaced by § 301, but it is not exclusive and does not destroy the jurisdiction of the courts in suits under § 301. If, as respondent strongly urges, there are situations in which serious problems will arise from both the courts and the Board having jurisdiction over acts which amount to an unfair labor practice, we shall face these cases when they arise."

The problem in this case is the validity or invalidity of the collective bargaining agreement which is presently before the Board.

This Court has power to stay the arbitration proceedings pending the conclusion of the proceedings before the National Labor Relations Board. Black-Clawson Company, Inc. v. International Association of Machinists, 2 Cir., 313 F.2d 179; Kentile, Inc. v. Local 457, United Rubber, C., L. & P. Workers, D. C., 228 F.Supp. 541.

Accordingly, the plaintiff's motion for a preliminary injunction, staying arbitration and all other proceedings, pending the decision of the charges, presently pending before the National Labor Relations Board, is granted.

Settle order on two (2) days' notice.